PER CURIAM.
In these cases, appellant, the Department of Education, challenges a final order entered by the Florida Commission on Human Relations awarding attorney’s fees pursuant to section 760.10(13), Florida Statutes (1985),[1] to the attorneys representing the appellees, Lewis Rushton, John E. Pierce and Franklin C. Gorman, for services the attorneys rendered while representing the Florida Education Association/United and Florida Teaching Profession/National Education Association in connection with a rule challenge the unions commenced pursuant to section 120.56, Florida Statutes. Because the attorneys did not represent the individual appellees in the rule challenge, we reverse and remand with directions to exclude from the fee award all amounts associated with the attorneys’ representation of the unions in the separate, rule challenge proceeding.
*101 These eases arose following the Department’s adoption of Florida Administrative Rule 6A-3.0141(1), which limited the age of school bus drivers to age 70. The appellees were all terminated from their employment as school bus drivers pursuant to the rule based on their age. Appellee Rushton, who was represented by the counsel for his union, Florida Teaching Profession/National Education Association, and appellees, Gorman and Pierce, who were represented by counsel for their union, Florida Education Association/United, filed petitions under section 760.-10(10), Florida Statutes (1985), for relief from an unlawful employment practice (UEP), based on age discrimination.
While these UEP complaints were pending, the Florida Education Association/United filed a rule challenge pursuant to section 120.56, alleging that the age limitation portion of the rule constituted unlawful age discrimination and was, therefore, an unauthorized exercise of delegated legislative authority. The Florida Teaching Profession/National Education Association was permitted to intervene in the rule challenge action. The Department thereafter moved to abate the appellees’ UEP claims on the ground that the rule challenge would substantially affect the outcome of the UEP claims, and the motion was granted. Following a two-day hearing on the rule challenge, an order was entered finding the rule invalid, and, pursuant to this decision, the Department directed the school boards to rehire appel-lees, who were reemployed with back pay.
When the UEP claims later came on for disposition, the hearing officer found, based largely upon the final order in the rule challenge, which was admitted as evidence in the UEP proceeding, that a UEP had occurred and awarded the appellees attorney’s fees pursuant to section 760.10(13). In so doing, however, the hearing officer rejected the ap-pellees’ argument that their attorneys were entitled as well to fees for services rendered in the successful litigation of the rule challenge, for the reason that the appellees were not parties to the rule challenge proceeding and, accordingly, were not obligated to pay attorney’s fees in such proceeding.
The Florida Commission on Human Rights basically adopted the hearing officer’s recommended order, but determined that the ap-pellees should be awarded fees for services their attorneys provided in the rule challenge litigation. Despite the fact that the appellees were not named parties in the rule challenge, the Commission reasoned that their non-party status did not automatically preclude them from receiving fees associated with same, and, because the appellees were prevailing parties on the UEP claim, they were entitled to recover all fees and costs which had been reasonably incurred. A final order awarding costs and fees, including sums attributable to the rule challenge, was subsequently entered in favor of the appellees and against the Department, from which the Department appeals.
Although there is authority, in both the state and federal sectors,[2] supporting an award of attorney’s fees for collateral proceedings, see, e.g., New York Gaslight Club, Inc. v. Carey, 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980); Appalachian, Inc. v. Ackmann, 507 So.2d 150 (Fla. 2d DCA), review denied, 515 So.2d 229 (Fla.1987); Chrapliwy v. Uniroyal, Inc., 670 F.2d 760 (7th Cir.1982), cert. denied, 461 U.S. 956, 103 S.Ct. 2428, 77 L.Ed.2d 1315 (1983), the above case law relates to attorneys representing the same clients in each action. Such is not the situation at bar; instead, the attorneys represented the unions in the rule challenge and the individual appellees in the UEP actions.
Because we find no authority for awarding attorney’s fees to a client in a UEP action for services performed by the client’s attorney in a rule challenge wherein the attorney represented different clients, albeit with similar interests, we reverse the Commission’s order to the extent it allows sums to be awarded to the appellees for legal services pertaining to the rule challenge action.
*102 REVERSED and REMANDED for further proceedings consistent with this opinion.
ERVIN, JOANOS and KAHN, JJ., concur.

. Section 760.10(13) authorizes the Commission to award an aggrieved party an attorney's fee in the event it finds the occurrence of an unlawful employment practice.

. As chapter 760 is patterned after Title VII of the Civil Rights Act of 1964, federal law involving Title VII is applicable. Florida Department of Community Affairs v. Bryant, 586 So.2d 1205, 1209 (Fla. 1st DCA 1991).